# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENERAL MARINE II, LLC, a Delaware limited liability company,<br><br>                                              Plaintiff,<br>v.<br>MICHAEL KELLY, an individual<br>                                              Defendant. | Case No.:   3:21-cv-1425-W-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS [DOC. 13] AND MOTION TO AMEND JUDGMENT [DOC. 15]** |

Pending before the Court are Plaintiff General Marine II, LLC's Motion for Attorneys' Fees and Costs [Doc. 13], and Motion to Amend Judgment [Doc. 15]. Defendant Michael Kelly filed an Opposition to the Motion for Attorneys' Fees and Costs [Doc. 18], but not the Motion to Amend Judgment.

The Court decides the matters on the papers submitted and without oral argument. Civ. L.R. 7.1(d)(1).  For the following reasons, the Court **GRANTS** the motions [Docs. 13, 15].

## I. BACKGROUND

Unless otherwise indicated, the following background is taken from this Court's Order Granting Motion to Confirm Foreign Arbitration Award (the "Confirmation Order" [Doc. 10] 2:1–3:22).

On February 7, 2020, Defendant Michael Kelly entered into an agreement with Plaintiff General Marine to charter the luxury yacht *M/V ALESSANDRA* in the Bahamas from March 27 through April 4, 2020. Under the Charter Agreement, Kelly agreed to pay $110,000 (plus tax and an "Advance Provisioning Allowance" of $30,000) to General Marine in two installments. The first installment for $55,000 was due on February 5, 2020, and the second installment for $92,400 was due on February 27, 2020. The agreement included an Arbitration & Law provision requiring disputes to be arbitrated through the London Maritime Arbitrators Association in London.

Kelly paid the first installment late on February 19, 2020. He did not pay the second installment. On March 5, 2020, General Marine notified Kelly that because of his failure to pay, it was "treating the Charter Agreement as being repudiated by you." General Marine warned that if Kelly did not pay, it would pursue arbitration.

Kelly claimed he was unaware of Covid-19 when he entered the Charter Agreement and that by late February 2020, he was concerned he would be prevented from traveling internationally due to Covid-19 restrictions, and that it would be unsafe for his family to travel to the Bahamas. Therefore, in "mid-March 2020" (after the second installment was due), Kelly requested that General Marine postpone the charter to a future agreed-upon date when it was safer to travel, but General Marine refused. On March 22, 2020, General Marine notified Kelly that it had been discharged from all contractual obligations, would retain the full amount of the first installment, and would seek to recover the second installment from him.

General Marine filed for arbitration. On March 22, 2021, the arbitration panel awarded General Marine $55,000.00 in damages, £24,301.96 in attorney fees, and £11,600.00 in costs, with 4.5% interest per annum compounded at three-month intervals

(the "Arbitration Award"). As a result, Kelly owed General Marine $109,753.73 as of November 1, 2021. Kelly did not challenge the award in the English court system, nor did he file a petition to vacate in federal court. Instead, Kelly simply refused to pay the award. (*Compl.* [Doc. 1] ¶ 13.)

On August 9, 2021, General Marine filed the Complaint to confirm the Arbitration Award. On September 28, 2021, Kelly answered the Complaint.

On November 1, 2021, General Marine filed the motion to confirm the Arbitration Award. (*See Mot. to Confirm* [Doc. 7].) Kelly's opposition raised the following grounds: (1) the award violates public policy; (2) incapacity; and (3) the Complaint failed to attach the original or certified copies of the Arbitration Award and Charter Agreement. (*Opp'n to Confirmation Mot.* [Doc. 8] 5:17–6:26.) On May 9, 2022, the Court rejected Kelly's arguments and confirmed the Arbitration Award. (*Confirmation Order* 5:16–12:16.) The Clerk's Judgement was issued the same day. (*See Clerk's Judgment* [Doc. 11].)

General Marine now seeks to recover its attorneys' fees and costs from Kelly in the amount of $55,455.36 incurred in enforcing the Arbitration Award. (*Notice of Mot. for Fees & Costs* [Doc. 13] 1:5–8.) In addition, General Marine moves to amend the Clerk's Judgment to reflect the amount awarded. (*Notice of Mot. to Amend* [Doc. 15] 1:5–10.) Kelly opposes the motion for attorneys' fees. (*Opp'n to Fees & Costs* [Doc. 18].) Kelly has not filed an opposition to the motion to amend the judgment.

## II. MOTION FOR ATTORNEYS' FEES

General Marine argues it is entitled to attorneys' fees because Kelly unjustifiably refused to pay the arbitration award and presented bad faith arguments in its opposition. (*P&A to Mot. for Fees & Costs* [Doc. 13-1] 1:6–23.) The Court agrees.

Confirmation of foreign arbitration awards is governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, known as the New York Convention. Ministry of Def. & Support for the Armed Forces of the Islamic Republic of Iran v. Cubic Def. Sys., Inc., 665 F.3d 1091, 1096 (9th Cir. 2011). "Neither the New

York Convention nor the Federal Arbitration Act expressly address whether courts may award attorney's fees accrued in a proceeding to confirm a foreign arbitral award." Swiss Inst. of Bioinformatics v. Glob. Initiative on Sharing All Influenza Data, 49 F.Supp.3d 92, 98 (D.D.C. 2014). "It is well settled, however, that even absent express statutory authority, federal courts have authority to award attorney's fees when the losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons." Cubic Def. Sys., Inc., 665 F.3d at 1104. "In the context of a petition to confirm a foreign arbitration award, the losing party's unjustified refusal to comply with the award may provide a basis for awarding attorneys' fees." Purus Plastics GmbH v. Eco-Terr Distrib., Inc., 2018 WL 2064817, at 10 (W.D. Wash. 2018) (relying on id.)

Generally, when a defendant simply refuses to pay an arbitration award and forces the plaintiff to file a petition to confirm the award, courts grant attorney's fees based on a finding of bad faith. See Sheet Metal Workers' v. Madison Industries, 84 F.3d 1186 (9th Cir. 1996) (affirming district court award of attorneys' fees because defendant simply refused to honor the award rather than file a petition to vacate it); International Union of Petroleum and Indus. Workers v. Western Indus. Maintenance, Inc., 707 F.2d 425 (9th Cir. 1983) (affirming award of attorneys' fees and agreeing with other circuits that failure to abide by an arbitrator's award absent justifiable grounds may constitute bad faith); International Union, United Auto., Aerospace and Agr. v. United Farm Tools, Inc., 762 F.2d 76 (8th Cir. 1985) (rejecting argument that award was honestly disputed where defendant failed to petition to set aside award); Ministry of Defense and Support of the Armed Forces of Islamic Republic of Iran v. Cubic Defense Systems, Inc., 2013 WL 55828, 1 (S.D. Cal. 2013) (awarding attorneys' fees because defendant willfully ignored the validity of the award and its opposition to the petition to confirm was weak).[1]

---

[1] Kelly's opposition cites one case that refused to award attorneys' fees despite defendant's failure to file a petition to vacate. See Purus, 2018 WL 3064817. The Court declines to follow Purus to the extent it appears contrary to other cases evaluating the issue.

Consistent with the above cases, the record establishes that Kelly simply refused to comply with the Arbitration Award—i.e., failed to file an action to vacate the award—and presented meritless arguments in opposition to General Marine's motion to confirm. There is no dispute the arbitration panel issued the Arbitration Award for General Marine on March 22, 2021. General Marine "demanded on multiple occasions that Kelly pay it the amount due on the Arbitral Award, but Kelly repeatedly failed and refused to pay." (*P&A to Mot. for Fees & Costs* 3:6–7.) As a result, four and a half months after the award was issued, General Marine filed this action to confirm the award. (*Id.* 3:10–12.)

In the meantime, Kelly had ample opportunity to appeal the award in the English court system or bring an action to vacate the award in federal court.  Kelly did neither, instead forcing General Marine to file this action.  Kelly then raised weak arguments in opposition to the petition to confirm.  Although his primary argument for opposing the petition was a violation of public policy, he failed to cite any supporting case law. (*Confirmation Order* 6:12–14.)  Even more problematic was his failure to identify any federal statute or policy statement remotely supporting the alleged federal policy. (*Id.* 7:24–8:6.)  Instead, at best, Kelly's argument was supported by a U.S. Embassy travel advisory. (*Id.*)  Nor were any of the other grounds Kelly raised supported by the facts or law. (*See id.* 8:21–12:16.)  In short, this Court finds Kelly's refusal to comply with the award and his weak arguments in opposition to the motion to confirm constitute bad faith entitling General Marine to recover its attorneys' fees.

With respect to the amount of fees sought, General Marine requests $55,455.36. Kelly does not argue that either the attorneys' hourly rates or amount billed is unreasonable.  General Marine's attorneys' hourly rates were between $250 and $650. (*Wright Decl.* [Doc. 13-2] ¶ 32; *Mariano Decl.* [Doc. 13-4] ¶ 15.)  The work product they produced was cogent, concise, and contained intelligent arguments, and the attorneys were ultimately successful for their client.  Based on this Court's familiarly with attorney-fee motions, the rates charged are comparable to other attorneys working in the area with similar experience and on similar cases.  Additionally, having reviewed the

attached billing statements (*Wright Decl.* Ex. C; *Mariano Decl.* Ex. A), the Court finds the total number of billed hours is fair and reasonable.

### III. MOTION TO AMEND JUDGMENT

"Rule 60(a) allows a court to clarify a judgment in order to correct a 'failure to memorialize part of its decision,' to reflect the 'necessary implications' of the original order, to 'ensure that the court's purpose is fully implemented,' or to 'permit enforcement.'" Garamendi v. Henin, 683 F.3d 1069, 1079 (9th Cir. 2012). "Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." Id. This includes modifying a judgment confirming an arbitration award for purposes of enforcement by "reducing [a] portion of the award to a sum certain." Robert Lewis Rosen Assocs. v. Webb, 473 F.3d 498, 506 (2d Cir. 2007) (cited with approval by Garamendi, 683 F.3d at 1079).

Here, because the Confirmation Order did not identify the amount awarded, the amount is not included in the Clerk's Judgement. (*See Confirmation Order*; *Clerk's Judgement*.) General Marine, therefore, seeks to amend the judgment to reflect the amount awarded. Kelly does not oppose the motion. The Court finds good cause to amend the judgment.

### IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** General Marine's motion for attorney's fees and costs [Doc. 13] and motion to amend the judgement [Doc. 15] and **ORDERS** as follows:

    1.    General Marine is **AWARDED** $55,455.36 in attorneys' fees.

//
//
//

2.  An Amended Judgment shall be entered stating: "The Court enters judgment in favor of General Marine II, LLC, against Defendant Michael Kelly in the amount of $106,664.44, plus $55,455.36 in attorneys' fees."

**IT IS SO ORDERED.**

Dated: September 27, 2022

Hon. Thomas J. Whelan
United States District Judge